RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/2/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM MERCER, #15996-016 | DOCKET NO. 11-CV-1505; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the seventh of seven *pro se* complaints filed by Plaintiff William Mercer. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. In this FTCA suit, he names as defendants the United States of America and Warden Sherrod. He complains that he was disrespected by Lt. Milton because Plaintiff is in a wheelchair.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff alleges that on December 6, 2010, he was moving from his unit to go eat dinner, when Lt. Milton commented that he had not yet called for Plaintiff to go to eat. Lt. Milton said, "you know you don't get know [sic] special treatment because you in the wheel chair. You shouldn't be in a care level one prisons." [Doc. #1, p.2] Plaintiff claims this was disrespectful and discriminatory.

### *Law and Analysis*

The FTCA contains its own exhaustion provision, which is jurisdictional. That is, before bringing an action in federal district court under the FTCA, the plaintiff must fully exhaust all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Price v. United States, 81 F.3d 520, 521 (5th Cir. 1996).[1] The exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a Bivens or other type of claim. See Lambert v. United States, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006) ; Janis v. United States, 162 Fed. Appx. 642 (7th Cir. 2006). Because this requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived. See Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981).

Plaintiff attached documents to his complaint purporting to exhibit exhaustion of his claim. However, those documents pertain to one of Plaintiff's other tort claims in another lawsuit. As to the claim in this suit, there is no indication, and Plaintiff does

---

[1] 28 U.S.C. §2676(a) provides in part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

not allege, that he provided the BOP with written notification of injury and a monetary demand *or* that his claim was denied at the final step. Because Plaintiff's claim does not appear to be exhausted, this court has no jurisdiction to hear the FTCA claim.

If the claim was properly exhausted, the claim should be dismissed as frivolous. Plaintiff has not alleged a physical injury suffered as a result of the verbal remarks of Lt. Milton. 42 U.S.C. §1997e(e) provides that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See Stephens v. Yusuff, 95 Fed. Appx. 78 (5th Cir. 2004).

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's FTCA complaint be **denied and dismissed for lack of jurisdiction**. Alternatively, if Plaintiff did properly exhaust his FTCA claim, it is recommended that the claim be dismissed as **frivolous** under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 1st day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE